Robert BAKKEN, Appellee,

v.

CITY OF COUNCIL BLUFFS, Appellant.

No. 89-1152.

Supreme Court of Iowa.

May 15, 1991.

Rehearing Denied June 19, 1991.

Mark W. Bennett of Babich, Bennett & Nickerson, Des Moines, and Robert L. O'Brien, Asst. City Atty., Council Bluffs, for appellant.

Lyle A. Rodenburg, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Robert Bakken, who owns a bait shop in Council Bluffs, Iowa, applied for building permits to add approximately 700 square feet to his shop. The City denied the permits as well as Bakken's requests for rezoning and variances. Bakken sued the City for damages, alleging that it had "taken" his property. Bakken recovered a substantial verdict, and the City appealed. An equally divided court of appeals affirmed by operation of law, Iowa Code § 602.5106(1) (1989), and we granted further review. We vacate the court of appeals decision, reverse the district court judgment, and remand.

Bakken's business is located in an R–3 (multifamily residential) zone, but because his commercial use of the property predated the zoning ordinance, he has been permitted to continue the business as a nonconforming use. The expansion, enlargement, or extension of a nonconforming use is prohibited by the ordinance, unless the change makes the use more conforming.

Bakken's proposed addition was to add a rest room and cooler which, he claims, were required by city health authorities. Bakken applied for the necessary building permits, but they were denied on the ground that the proposed addition was an illegal expansion of Bakken's nonconforming use. Bakken then tried to rezone his land and obtained the consent from all affected neighbors. The Planning Commission denied this request as well.

Bakken then filed this suit in district court based on the federal civil rights law, 42 U.S.C. § 1983. Procedurally, this case is confusing because, despite the fact it has gone through a trial and two appeals, it is not clear what issues are presented. Is it a claim for just compensation for a "taking" under the fifth amendment, one for damages for deprivation of substantive due process, or both?

Bakken's petition contained only one count. It alleged that the City's action

was arbitrary, illegal, unconstitutional, capricious, and constituted a taking of property without just compensation contrary to the United States and State of Iowa Constitutions, Statutes, and laws, as announced in:

Nollon v. California Coastal Commission [483 U.S. 825], 107 S.Ct. 3141 [97 L.Ed.2d 677] (1987), and

First English Church v. County of Los Angeles [482 U.S. 304], 107 S.Ct. 3278 [2378, 96 L.Ed.2d 250] (1987).

5. That the defendant's conduct violates plaintiff's property rights and freedom rights as enforceable under Title 42 U.S.C. section 1983.

The "taking" and "just compensation" language of this allegation suggests that Bakken's claim is for a taking under an inverse condemnation theory. Bakken's citation to Nollon and First English Church, both "taking" cases, further supports that assumption.

Suits for damages based on land regulation have frequently followed a "taking" theory, albeit with little success. See, e.g., Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (taking claim dismissed on exhaustion grounds); Bateson v. Geisse, 857 F.2d 1300 (9th Cir.1988) (same); Austin v. City & County of Honolulu, 840 F.2d 678 (9th Cir.1988) (same). But see Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922) (regulation which went "too far" held to be taking). See generally Comment, Testing the Constitutional Validity of Land Use Regulations: Substantive Due Process as a Superior Alternative to Taking Analysis, 57 Wash. L.Rev. 715, 724 (1982) (Supreme Court has not found any land use regulation to be

taking since 1922 *Pennsylvania Coal Co.* case).

Bakken claims that there are *two* theories alleged by his claim of "taking." He claims that "taking" as used in his petition meant not only a taking in its traditional meaning but also a deprivation of substantive due process. We have doubts whether a due process claim was alleged in the petition, and the city attorney apparently did also because his answer did not respond to a due process issue. The district court, however, apparently did not share that concern. It instructed on both the taking and due process theories, and the city attorney did not object. We conclude that the due process issue was tried by consent.

Only one form of plaintiff's verdict was submitted to the jury, and there were no interrogatories. We therefore have no way of knowing whether the verdict in Bakken's favor was based on his taking theory or his due process theory.

I. *The Taking Claim.*

The fifth amendment to the United States Constitution provides in part that a person may not "be deprived of property, without due process of law; nor shall private property be taken for public use without just compensation." The "just compensation" clause of the fifth amendment is made applicable to the states by the fourteenth amendment. *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358, 364 (1980).

■ Government regulation of property which effectively deprives an owner of an economically viable use of his land can conceivably constitute a taking. *See Agins v. City of Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106, 112 (1980); *PruneYard Shopping Center v. Robins,* 447 U.S. 74, 83, 100 S.Ct. 2035, 2041, 64 L.Ed.2d 741, 753 (1980).

[G]overnment action other than acquisition of title, occupancy, or physical invasion can be a "taking," and therefore a de facto exercise of the power of eminent domain, where the effects completely deprive the owner of all or most of his interest in the property.

*San Diego Gas & Elec. Co. v. City of San Diego,* 450 U.S. 621, 653, 101 S.Ct. 1287, 1304, 67 L.Ed.2d 551, 573 (1981) (Brennan, J., dissenting); *accord Williamson County,* 473 U.S. at 186, 105 S.Ct. at 3116, 87 L.Ed.2d at 138–39. In *Williamson County,* the Supreme Court assumed arguendo that regulations could constitute a taking if they "go too far," 473 U.S. at 186, 105 S.Ct. at 3116, 87 L.Ed.2d at 138, although the zoning authority argued persuasively before the Supreme Court that regulation should never be considered a taking; if the regulation is so restrictive as to deprive the owner of all reasonable beneficial use, the remedy should be under a due process theory. *Id.* at 185, 105 S.Ct. at 3115, 87 L.Ed.2d at 138.

We assume, without deciding, that the City's regulation of Bakken's property was so extensive that it may be considered to be a taking, although the City strenuously resists that determination. This does little to aid Bakken's cause, however, because this case does not turn on the facts but on principles of finality and exhaustion.

In *Williamson County,* as in this case, a landowner pursued a section 1983 action based on both the theories of taking and deprivation of substantive due process. The Supreme Court held that for a taking claim to be "ripe" under section 1983 there must be both (1) finality in the underlying proceedings and (2) exhaustion of state remedies available to vindicate the owner's rights. *See Williamson County,* 473 U.S. at 185–95, 105 S.Ct. at 3115–121, 87 L.Ed.2d at 138–44.

The Court explained finality and exhaustion as they relate to taking claims:

The question whether administrative remedies must be exhausted is conceptually distinct ... from the question whether an administrative action must be final before it is judicially reviewable. While the policies underlying the concepts often overlap, the finality requirement is concerned with whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, con-

crete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

*Id.* at 192–93, 105 S.Ct. at 3119–120, 87 L.Ed.2d at 142–43 (citations omitted).

■ A. *The finality requirement.* Finality in the underlying proceedings must be established in order to determine how much the owner's use of the property has been impaired, and therefore "taken" by the governmental action. As explained in *Williamson County,*

> resort to the procedure for obtaining variances would result in a conclusive determination by the Commission whether it would allow respondent to develop the subdivision in the manner respondent proposed. The Commission's refusal to approve the preliminary plat does not determine that issue; it prevents respondent from developing its subdivision without obtaining the necessary variances, but leaves open the possibility that respondent may develop a subdivision according to its plat after obtaining the variances. In short, the Commission's denial of approval does not conclusively determine whether respondent will be denied all reasonable beneficial use of its property, and therefore is not a final, reviewable decision.

*Id.* at 193–94, 105 S.Ct. at 3120–121, 87 L.Ed.2d at 143.

The Court further stated:

> [A]mong the factors of particular significance in the inquiry [of a taking] are the economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations. Those factors simply cannot be evaluated until the administrative agency has arrived at a final, determinative position regarding how it will apply the regulations at issue to the particular land in question.

*Id.* at 191, 105 S.Ct. at 3119, 87 L.Ed.2d at 141 (citations omitted).

After Bakken's suit was filed, he sought and obtained a continuance of the trial in order to seek a zoning variance, presumably to satisfy the requirement of finality. The district court, however, made no ruling on finality, and we need not decide whether it was established. Bakken's taking claim must fail in any event because he failed to exhaust his state remedies as discussed in the following division. We discuss finality only to provide guidance in the event Bakken's taking claim is pursued after remand.

■ B. *The exhaustion requirement.* The Supreme Court in *Williamson County* held that the owner had not only failed to show finality, it also failed to show the necessary exhaustion of State remedies because it had not pursued the inverse condemnation procedures available under Tennessee law.

> If the government has provided an adequate process for obtaining compensation, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking.

473 U.S. at 194–95, 105 S.Ct. at 3120–21, 87 L.Ed.2d at 144 (quoting *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1013, 1018 n. 21, 104 S.Ct. 2862, 2878, 2880 n. 21, 81 L.Ed.2d 815, 839, 842 n. 21 (1984)).

The reason for an exhaustion requirement in taking cases is that the fifth amendment prohibits taking without "just compensation," and no constitutional violation occurs until just compensation has been denied by state proceedings. A plaintiff seeking compensation under a taking theory has the burden of establishing that State remedies are inadequate, *Austin,* 840 F.2d at 680, and unless a claim is ripe for adjudication, a court has no jurisdiction to hear it. *Id.* at 682.

Iowa recognizes a claim for inverse condemnation. *See, e.g., Connolly v. Dallas County,* 465 N.W.2d 875, 878 (Iowa 1991); *Scott v. City of Sioux City,* 432 N.W.2d 144, 146–48 (Iowa 1988). Bakken's claim for a taking under section 1983 is not ripe for adjudication in this action until the remedy of inverse condemnation, or an equivalent state remedy, is first pursued. *Wil-*

liamson County, 473 U.S. at 194–95, 105 S.Ct. at 3120–21, 87 L.Ed.2d at 144. Accordingly, we remand this claim for dismissal as premature.

## II. *The Substantive Due Process Issue.*

■ Zoning decisions are subject to substantive due process scrutiny, *i.e.,* "such decisions must not be arbitrary and capricious so as to amount to an abuse of governmental power." *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 (11th Cir.1989); *see generally Williamson County,* 473 U.S. at 198–99, 105 S.Ct. at 3122–23, 87 L.Ed.2d at 146–47; *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303, 314 (1926).

Claims under section 1983 based on land use regulations have frequently asserted substantive due process grounds in conjunction with, or in lieu of, claims for just compensation under a taking theory. *See, e.g., Williamson County,* 473 U.S. at 182, 197, 105 S.Ct. at 3114, 3122, 87 L.Ed.2d at 136, 145 (substantive due process and taking theories combined); *Bateson,* 857 F.2d at 1302 (same); *Greenbriar,* 881 F.2d at 1572 (due process only); *Rymer v. Douglas County,* 764 F.2d 796, 800 (11th Cir.1985) (substantive due process and taking theories combined).

The effect of combining due process and taking claims, it has been noted, is to "blend and confuse" the two theories. Comment, *Testing the Constitutional Validity of Land Use Regulations: Substantive Due Process as a Superior Alternative to Taking Analysis,* 57 Wash.L.Rev. 715, 726–30 (1982).

In *Williamson County,* the Court discussed the due process theory and its remedies:

> [U]nder that theory government regulation does not effect a taking for which the Fifth Amendment requires just compensation; instead, regulation that goes so far that it has the same effect as a taking by eminent domain is an invalid exercise of the police power, violative of the Due Process Clause of the Fourteenth Amendment. Should the govern-

ment wish to accomplish the goals of such regulation, it must proceed through the exercise of its eminent domain power, and, of course, pay just compensation for any property taken. The remedy for a regulation that goes too far, under the due process theory, is not "just compensation," but invalidation of the regulation, and if authorized and appropriate, actual damages.

*Williamson County,* 473 U.S. at 197, 105 S.Ct. at 3122, 87 L.Ed.2d at 145.

In the face of due process challenges, considerable constitutional latitude is granted to zoning authorities.

> Where property interests are adversely affected by zoning, the courts generally have emphasized the breadth of municipal power to control land use and have sustained the regulation if it is rationally related to legitimate state concerns and does not deprive the owner of economically viable use of his property.

*Schad v. Borough of Mt. Ephraim,* 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671, 680 (1981). The tests to be applied have been stated in various ways. For example, it is said that zoning regulations will not be held to be violative of substantive due process unless they "are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or a general welfare." *Euclid,* 272 U.S. at 395, 47 S.Ct. at 121, 71 L.Ed. at 314.

One circuit has stated that its test for due process in land regulation cases is twofold:

> First, it must be determined whether there has been a deprivation of a federal constitutionally protected interest, and secondly, whether the deprivation, if any, is the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation.

*Rymer,* 764 F.2d at 801. The court in *Rymer* noted that the key to the test is the second element. Substantive due process protects a general right of a person to be free from the abuse of governmental power. *Id.* at 802 n. 4.

Also, a deprivation of a property interest is said to be of constitutional magnitude if it is undertaken "for an improper motive and by means that were pretextual, arbitrary and capricious, and ... without any rational basis." *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir.1989) (quoting *Hearn v. City of Gainesville*, 688 F.2d 1328, 1332 (11th Cir.1982)).

■ Exhaustion of state remedies, as contrasted to finality of the city proceedings, is not a prerequisite to a due process claim. *See Bateson*, 857 F.2d at 1303 ("Bateson was not required to seek 'just compensation' from state entities before bringing this substantive due process claim, and therefore this claim is ripe for adjudication."). Because substantive due process is violated at the moment the harm occurs, the existence of a postdeprivation state remedy does not bar a section 1983 due process claim. *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986).

■ Even if we assume, however, that Bakken proved finality of the city proceedings, for due process purposes, his verdict cannot stand. As previously discussed, we have no way of knowing whether the jury adopted his due process theory or his taking theory because of the form of the verdict. If the latter, the verdict clearly could not stand because of Bakken's failure to exhaust state remedies.

III. *Disposition.*

We reverse and remand for dismissal of the taking claim for lack of subject matter jurisdiction. Bakken's claim based on due process shall be permitted to proceed in accordance with this opinion.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED WITH INSTRUCTIONS.