STEPHANIE M. ROSE, JUDGE
Before the Court is a motion by Defendant City of Davenport, Iowa (the "City"), to dismiss the Complaint of pro se Plaintiff Jesse Hammes. [ECF No. 5]. The motion is fully submitted and ready for decision. Neither party has requested oral argument on the motion, and the Court finds the issues can be resolved without it. See LR 7(c). For the reasons stated herein, Defendant's motion is GRANTED.
I. BACKGROUND[1]
Plaintiff is a resident of the City whose home is located on a parcel of land that abuts Pheasant Creek. His claims arise from erosion damage to his property caused by excessive stormwater runoff from commercial properties in the Pheasant Creek watershed. According to Plaintiff, *1040 the City has been negligent "for ignoring the recommendations of [its consulting engineers], it's [sic] own ordinances and federal laws when approving site plans, granting permits and allowing variances without adequate water detention or retention" for commercial developments on Elmore Avenue in the City "and surrounding parcels in the Pheasant Creek watershed." [ECF No. 1 at 5]. Through these failures, the City has "allow[ed] discharge of everyday water and storm water [sic] at a higher volume and rate of flow than was naturally occurring prior to [the commercial] developments." Id.
Plaintiff alleges that this increase in stormwater has caused "massive erosion to Pheasant Creek," and the property on which he resides, "in the form of land loss, deterioration of the natural running creek with steepening of the creek bed, creek bank failure, and approximately 250 trees ripped from the banks, causing obstruction to the creek flow." Id. Plaintiff argues that the City is negligent for ignoring complaints from Plaintiff and owners of adjoining properties about ongoing property damage, and it continues to issue permits for new commercial developments "without adequate retention or detention, compounding the effects of what they knew was already happening." Id.
In addition to voicing his complaints to the City, Plaintiff alleges that he has made "numerous complaints" via telephone and the internet to both the United States Environmental Protection Agency ("EPA") and the Iowa Department of Natural Resources ("IDNR"). See [ECF No. 11 at 1]. Plaintiff does not specify the content of his complaints, but he claims neither agency responded to them. Id. Plaintiff has not pursued claims against the City in state court. See id.
Plaintiff commenced this action on November 2, 2018. In his Complaint, he invokes the Court's jurisdiction under 28 U.S.C. § 1331, which vests federal district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff alleges that his claims arise under the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1251 et seq. , and involve inverse condemnation and subservient land rights. [ECF No. 1 at 3]. On December 10, 2018, Defendant moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1).
II. LEGAL STANDARD
Rule 12(b)(1) allows a motion to dismiss for lack of subject matter jurisdiction. These motions come in two types-facial attacks and factual attacks-and courts must distinguish between them. Branson Label, Inc. v. City of Branson , 793 F.3d 910, 914 (8th Cir. 2015). When the moving party mounts a facial attack to the Court's jurisdiction, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Id. (alteration in original) (citation omitted). "Accordingly, 'the court restricts itself to the face of the pleadings and the non-moving party receives the same protection as it would defending against a motion brought under Rule 12(b)(6).' " Id. (citation omitted). "[I]n a factual attack, 'the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " Id. at 914-15 (alteration in original) (citation omitted).
Defendant asserts that its challenge to the Court's jurisdiction is a facial attack, and, indeed, the City does not rely on facts outside of the Complaint when arguing in favor of its motion. The Court will therefore treat the motion as a facial attack and *1041 limit its review to matters stated in the Complaint (construed liberally as consistent with Plaintiff's status as a pro se litigant).
III. ANALYSIS
Defendant argues that the Court lacks subject matter jurisdiction over this case due to Plaintiff's failure to comply with certain conditions precedent to pursuing his claims. Specifically, Defendant argues that Plaintiff has failed to give the required pre-action notice regarding his claim under the CWA, and has failed to exhaust state remedies as to his inverse condemnation claim. Defendant then argues that, without jurisdiction over a federal claim, the Court cannot hear Plaintiff's remaining state-law claims. The Court will address each of these issues in turn.
A. Notice under the CWA
The CWA allows "any citizen [to] commence a civil action on his own behalf" to enforce the requirements of the Act or its regulations. 33 U.S.C. § 1365(a). No litigation may commence, however, "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the EPA], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator" of the rule at issue. Id. § 1365(b)(1)(A). Such notice "shall be given in such a manner as the Administrator [of the EPA] shall prescribe by regulation." Id. § 1365(b).
EPA regulations address both the content and service of the notice. When the notice involves "an alleged violation of an effluent standard or limitation or an order with respect thereto," it shall include:
sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.
40 C.F.R. § 135.3(a). The persons on whom the "[n]otice of intent to file suit" must be served vary depending on the identity of the alleged violator. Id. § 135.2(a). It is sufficient to note, however, that unless the alleged violator is a federal agency, service must be mailed to the violator and: (1) "the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred"; (2) "the Administrator of the [EPA]"; and (3) "the Regional Administrator of the [EPA] for the region in which such violation is alleged to have occurred." Id. § 135.2(a)(1)-(2). The regulations state that service of the notice on the Administrator of the EPA shall be made personally or by certified mail, and a copy of the notice shall be mailed to the Attorney General of the United States. Id. § 135.2(b).
Although the United States Court of Appeals for the Eighth Circuit does not appear to have ruled on this issue, most appellate courts have found that the CWA's notice requirement is a mandatory precondition to suit under the CWA. See N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc. , 72 F.3d 830, 833 (10th Cir. 1996) (collecting cases and joining the United States Courts of Appeals for the Third, Sixth, Ninth, and Eleventh Circuits in finding that the CWA's notice requirement is a mandatory precondition to suit); Catskill Mountains Chapter of Trout Unlimited v. City of N.Y. , 273 F.3d 481, 488 (2d Cir. 2001) (finding that failure to follow the CWA's notice requirements "will justify a district court dismissing claims based on" facts not properly noticed);
*1042 Friends of the Earth, Inc. v. Gaston Copper Recycling Corp. , 629 F.3d 387, 389 (4th Cir. 2011) (finding the CWA's notice and delay provision "is a mandatory condition precedent to the commencement of a suit under" the CWA). Because the notice requirement is a condition precedent to filing suit under the CWA, failure to give proper notice is a jurisdictional defect necessitating dismissal of the claim. Nat'l Res. Def. Council v. Sw. Marine, Inc. , 236 F.3d 985, 995 (9th Cir. 2000).
This treatment of the notice requirement advances three legislative aims: (1) it furthers Congress's goal of balancing "the benefit of encouraging citizen enforcement of environmental regulations against the problems encountered when excessive numbers of citizen suits are filed in the federal courts"; (2) it "allow[s] governmental agencies to take responsibility for the enforcement of environmental laws and regulations, eliminating the need for multiple citizen suits"; and (3) it "provide[s] an alleged violator the opportunity to attempt compliance with its permit restrictions, thereby avoiding litigation based on the alleged violation." Friends of the Earth , 629 F.3d at 399. To further these goals, the notice requirements are to be "strictly construed." Wash. Trout v. McCain Foods, Inc. , 45 F.3d 1351, 1354 (9th Cir. 1995) ; accord Nat'l Parks & Conservation Ass'n, Inc. v. Tenn. Valley Auth. , 502 F.3d 1316, 1329 (11th Cir. 2007). However, although the requirements are "strict and specific," courts must be careful to avoid "an overly technical application of the regulatory requirements." Friends of the Earth , 629 F.3d at 400. In this regard, "the requirement of adequate notice does not mandate that citizen plaintiffs 'list every specific aspect or detail of every alleged violation.' " Id. (quoting Pub. Interest Research Grp. of N.J. v. Hercules, Inc. , 50 F.3d 1239, 1248 (3d Cir. 1995) ).
Here, it is undisputed that Plaintiff did not serve formal notice under § 1365. However, his Complaint states that he raised his concerns with the City, and his briefing indicates that he also notified the EPA and IDNR of his concerns via numerous emails and telephone calls. See [ECF Nos. 1 at 5; 11 at 1]. Nevertheless, even if the Court assumes Plaintiff's communications with the City and agencies cumulatively incorporated all the information appearing in his Complaint, this notice, such as it is, must "be given in such a manner as the Administrator [of the EPA] shall prescribe by regulation." 33 U.S.C. § 1365(b). At a minimum, Plaintiff was required to send notice to the appropriate persons and in the manner set out in 40 C.F.R. § 135.2. Plaintiff's failure to do so was more than a mere technicality. It is not clear from Plaintiff's pleading and brief how his complaints to the EPA differed from the numerous other complaints the EPA receives. Thus, his communications with the EPA could not reasonably be interpreted as putting the agency on notice of his intent to sue. Absent such notice, the agency could not have had the requisite opportunity to determine whether it wanted to intercede or was content to let Plaintiff pursue the matter on his own.
Accordingly, the Court agrees with Defendant that Plaintiff's claim under the CWA must be dismissed due to Plaintiff's failure to give pre-suit notice as required under § 1365 and EPA regulations. Accordingly, Plaintiff's CWA claim is DISMISSED.
B. Inverse Condemnation Claim
Defendant also argues that Plaintiff's inverse condemnation claim fails because Plaintiff did not exhaust his state-law remedies before bringing the claim in federal court. "Inverse condemnation is ' "a generic description applicable to all actions in which a property owner, in the *1043 absence of a formal condemnation proceeding, seeks to recover from a governmental entity for the appropriation of his property interest." ' " Kingsway Cathedral v. Iowa Dep't of Transp. , 711 N.W.2d 6, 9 (Iowa 2006) (citation omitted). Inverse condemnation actions implicate rights protected by the Takings Clause of the Fifth Amendment to the United States Constitution. That clause prohibits the taking of "private property ... for public use, without just compensation." U.S. Const. amend. V.
"Although a regulatory taking may be challenged in federal court in an action under 42 U.S.C. § 1983, the claim must be ripe before the federal court may consider it." Dakota, Minn. & E. R.R. Corp. v. South Dakota , 362 F.3d 512, 520 (8th Cir. 2004). "The issue of ripeness ... is one of subject matter jurisdiction." Id. A claim under the Takings Clause "must be ripe in two respects." Id. "First, the issue of whether there has been or will be a taking must be ripe for federal court review," meaning that " 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.' " Id. (quoting Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank , 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) ). Second, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson Cty. , 473 U.S. at 195, 105 S.Ct. 3108. At issue here is the second ripeness requirement. "Failure to satisfy this requirement alone means that [the plaintiff's] claim is not ripe and that federal courts lack jurisdiction to entertain [the plaintiff's] claim." Dahlen v. Shelter House , 598 F.3d 1007, 1010 (8th Cir. 2010).
"Iowa recognizes a claim for inverse condemnation." Bakken v. City of Council Bluffs , 470 N.W.2d 34, 37 (Iowa 1991). Further, both the Eighth Circuit and the Iowa Supreme Court have rejected Takings Clause claims under § 1983 because the plaintiffs failed to first pursue inverse condemnation claims in Iowa state courts. See id. at 37-38 ; Dahlen , 598 F.3d at 1010, 1012. Here, Plaintiff admits that he has not pursued his inverse condemnation claim in state court. [ECF No. 11 at 1]. Thus, the Court must find that it lacks subject matter jurisdiction over the claim. Plaintiff's inverse condemnation claim is therefore DISMISSED.
C. Subservient Land Rights Claim
Plaintiff also asserts a claim that involves "[s]ubservient land rights." [ECF No. 1 at 3]. Further he faults the City for its negligence in handling his complaints and issuing permits for commercial developments. Id. at 5. It is not clear how Plaintiff's subservient land rights claim differs from his inverse condemnation claim. To the extent he argues that the City has interfered with those rights without just compensation, then that claim is essentially a duplicate of his inverse condemnation claim and fails for the reasons stated above. However, if that claim seeks to impose liability on the City for tortious acts that interfere with his "subservient land rights," then that claim, like his negligence claim, is a tort arising under state law.
"When a district court does not have subject-matter jurisdiction over federal claims, it cannot exercise supplemental jurisdiction over any state claims under 28 U.S.C. § 1367." Mains v. Citibank, N.A. , 852 F.3d 669, 679 (7th Cir. 2017), cert. denied , --- U.S. ----, 138 S. Ct. 227, 199 L.Ed.2d 121 (2017). Because the Court lacks subject matter jurisdiction over *1044 Plaintiff's federal claims, it cannot exercise jurisdiction over his remaining state claims. Accordingly, they are DISMISSED without prejudice.
D. Stay of Proceedings or Transfer
Plaintiff asks the Court to allow him to "remove [his CWA claim] from [his] filing and refile after proper procedures and protocols are followed." [ECF No. 11 at 1]. The Court construes this request as a motion to amend his Complaint, followed by a motion to stay these proceedings. The Court finds this course of action is inappropriate where the Court lacks subject matter jurisdiction. Without such jurisdiction, the Court lacks the authority to grant this or any relief in relation to Plaintiff's CWA claim.
In the context of his inverse condemnation claim, Plaintiff also asks the Court to "redirect[ ] [this case] to State court rather than being outright dismissed." Id. There is no legal basis for the Court to transfer this matter to the Iowa court system. To the extent Plaintiff wishes to pursue his claims in state court, he will have to commence a new action there.
IV. CONCLUSION
For the foregoing reasons, Defendant's Motion to Dismiss, [ECF No. 5] is GRANTED. Plaintiff's claims are dismissed for want of subject matter jurisdiction. All outstanding motions are DENIED as moot. The Clerk of Court is directed to enter judgment in favor of Defendant and close this matter.
IT IS SO ORDERED.

The facts are derived from Plaintiff's Complaint and brief in response to Defendant's Motion to Dismiss. For the purposes of Defendant's motion, the Court assumes as true the facts in the Complaint. See Brown v. Medtronic, Inc. , 628 F.3d 451, 459 (8th Cir. 2010) (indicating that courts must accept as true the plaintiff's factual allegations, but they need not accept as true the plaintiff's legal conclusions). Additionally, because Plaintiff appears pro se, the Court gives the Complaint a "liberal construction." Solomon v. Petray , 795 F.3d 777, 787 (8th Cir. 2015). As part of that construction, the Court will consider the additional facts set out in Plaintiff's brief in resistance to Defendant's motion. See id. (noting that pro se plaintiff's "complaint and addendum are to be given liberal construction"); cf. Satterlee v. United States , 432 F. Supp. 2d 941, 944 (W.D. Mo. 2006) (treating briefs containing new allegations as amendments to the pro se plaintiff's petition).