**WASHINGTON TROUT, et al.,
Plaintiffs–Appellants,**

v.

**McCAIN FOODS, INC., Defendant–
Appellee.**

No. 93–35857.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1994.

Decided Jan. 24, 1995.

**1352**

William Kloos, Johnson & Kloos, Eugene, OR, for plaintiffs–appellants.

Jerry R. Neal, Preston Gates & Ellis, Spokane, WA, and Lori A. Terry, Preston Gates & Ellis, Seattle, WA, for defendant-appellee. Ms. Terry and Mr. Neal wrote the brief, Mr. Neal argued the appeal.

Before: WOOD,* HUG and TANG, Circuit Judges.

HARLINGTON WOOD, Circuit Judge:

Washington Trout, the United Food and Commercial Workers, Local 1439, and the Central Basin Audubon Society brought a Clean Water Act citizen suit against McCain Foods alleging violations of 33 U.S.C. § 1251 et seq., and R.C.W. § 90.48.010 et seq., based on the discharge of pollutants from a potato processing plant owned by the defendant. The district court dismissed the lawsuit for lack of subject matter jurisdiction after determining that the plaintiffs had not complied with the notice provisions of 33 U.S.C. § 1365 and 40 C.F.R. § 135.3(a).[1] Specifically, the district court found that the plaintiffs had not properly provided the dates of the alleged violations or the addresses and phone numbers of any of the plaintiffs as required by the statute and regulation. Plaintiffs appeal.

On February 25, 1992, plaintiffs' attorney, Bill Kloos, sent McCain Foods [McCain] a sixty-day notice under the Clean Water Act [CWA] alleging that McCain's potato processing plant in Othello, Washington was discharging pollutants into the Owl Creek and/or its tributaries without a National Pollutant Discharge Elimination System [NPDES] permit. The letter stated in part that "the United Food and Commercial Workers, Local 1439, among perhaps others, intend to file a suit against McCain for violations of the Clean Water Act." Regarding the potential plaintiffs, the letter did not provide the address and phone number of the named plaintiff, nor did it furnish the identity, address, and phone number of Washington Trout and the Central Basin Audubon Society. Further, the notice failed to specifically identify the dates of the alleged violations. The letter alleged that "[t]his pollution is substantial, longstanding, continuing, and unpermitted by an NPDES permit."[2]

After receiving the notice, representatives for McCain communicated with Kloos during the sixty-day notice period regarding the alleged violations. In the course of these discussions, neither Washington Trout nor Audubon was mentioned as a potential plaintiff.

On June 15, 1992, the Union, Washington Trout, and Audubon filed a citizen suit under the Act. The Union was dismissed from the suit four months later when it went into trusteeship. The defendant then moved for summary judgment alleging the notice was defective because it did not (1) identify Washington Trout or Audubon as potential

---

* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, is sitting by designation.

1. The district court treated McCain's motion for summary judgment as a motion to dismiss for lack of subject matter jurisdiction.

2. The plaintiffs argue that by stating in their notice that the "pollution is substantial, longstanding, and continuing" they have complied with the regulation's requirement of specifying the dates of the violation. Because of our resolution of the case on other grounds, we need not reach this issue.

plaintiffs; (2) contain the address and telephone number for the Union; or (3) specify the dates of any alleged violations. The district court held that under *Hallstrom v. Tillamook County,* 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), fulfilling the notice requirements under 40 C.F.R. 135.3(a) was a mandatory precondition to bringing suit under the Clean Water Act, and therefore dismissed the complaint for lack of subject matter jurisdiction.

■ We review *de novo* a district court's decision to dismiss a claim for lack of subject matter jurisdiction. *Smith v. United States,* 873 F.2d 218, 219 (9th Cir.1989); *see also Abrams v. Commissioner,* 814 F.2d 1356, 1357 (9th Cir.1987); *McIntyre v. United States,* 789 F.2d 1408, 1410 (9th Cir.1986).

■ The Clean Water Act allows a citizen to bring a private suit against alleged violators, but requires specific notice to be given to the suspected polluter. 33 U.S.C. § 1365(a), (b). The statute's notice section provides:

No action may be commenced—

(1) under subsection (a)(1) of this section—

(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, ...

33 U.S.C. § 1365(b). Under the regulations, the notice must include sufficient information to allow the recipient "to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." 40 C.F.R. 135.3(a) (1994).

The Supreme Court addressed the sixty-day notice requirement in *Hallstrom v. Tillamook County,* 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). *Hallstrom* involved a citizen suit brought to enforce the waste disposal regulations promulgated under the Resource Conservation and Recovery Act of 1976 [RCRA]. Under the regulations, the RCRA includes a sixty-day notice provision that requires plaintiffs to notify the violator, the State, and the Environmental Protection Agency of their intent to sue. 42 U.S.C. § 7604.[3] The issue presented for review was whether the compliance with the sixty-day notice provision was a mandatory precondition to suit or if it could be disregarded by the district court at its discretion. *Hallstrom,* 493 U.S. at 23, 110 S.Ct. at 307.

In *Hallstrom,* the petitioners owned a dairy farm located next to the Tillamook County landfill. *Id.* In believing that the landfill violated RCRA standards, the petitioners sent the respondent a notice stating their intent to sue. *Id.* When the petitioners commenced an action, the respondent moved for summary judgment on the grounds that petitioners failed to notify Oregon's Department of Environmental Quality and the Environmental Protection Agency [EPA] of their intent to sue. *Id.* at 23–24, 110 S.Ct. at 307.

The district court denied the respondent's motion and held that the notice defect was cured by the petitioner's formal notification to the State and EPA on March 2, 1983, one day after the motion for summary judgment. *Id.* at 24, 110 S.Ct. at 307–08. The district court went on to find that the respondent did violate the RCRA. *Id.* On appeal, the Ninth Circuit held the petitioners' failure to comply with the sixty-day notice provision deprived the district court of subject matter jurisdiction. *Hallstrom v. Tillamook County,* 844 F.2d 598, 600–01 (9th Cir.1987). The Ninth Circuit adopted the approach followed by the First and Seventh Circuits;[4] an ap-

---

**3.** The sixty-day notice provision in *Hallstrom* was modeled after § 304 of the Clean Air Act Amendments, 84 Stat. 1706, as amended, 42 U.S.C. § 7604. Since 1970, a number of federal statutes have incorporated notice provisions patterned after § 304. The notice provision involved in this case, 33 U.S.C. § 1365(b), is also modeled after § 304. *See Hallstrom v. Tillamook County,* 493 U.S. at 23 n. 1, 110 S.Ct. at 307 n. 1.

**4.** *See, e.g., Garcia v. Cecos Int'l, Inc.,* 761 F.2d 76 (1st Cir.1985); *Highland Park v. Train,* 519 F.2d 681 (7th Cir.1975), *cert. denied,* 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976). *Cf., Hemp-*

proach that focuses on the plain language of the statute and the policy concerns underlying the notice requirement. *Id.* at 600. The court of appeals held that the plain language [of § 6972(b)] commands sixty days notice before commencement of the suit, and to accept anything less would constitute a " 'judicial amendment in abrogation of explicit, unconditional statutory language.' " *Hallstrom*, 844 F.2d at 600 (quoting *Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76, 78 (1st Cir. 1985)). The court determined that a strict construction of the notice requirement would best further the statute's goal of first triggering administrative action to provide the citizen relief—relief the individual might otherwise seek in the courts. *Id.* at 601. The Ninth Circuit remanded to the district court with instructions to dismiss.

In order to resolve the conflict among the circuits, the Supreme Court granted certiorari. The Court found, under the plain language of the statute, the choice was clear. The Court held that "[u]nder a literal reading of the statute, compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." *Hallstrom*, 493 U.S. at 26, 110 S.Ct. at 309. Further, because it is a general rule that an action barred by the terms of the statute must be dismissed, the petitioners' claim was remanded to the district court with instructions to dismiss. *Id.* at 33, 110 S.Ct. at 312.

The Supreme Court's conclusion in *Hallstrom* is applicable in this suit involving the CWA. The plaintiffs are bringing an action as citizens under 33 U.S.C. § 1365(a), and therefore must satisfy the notice requirements under 33 U.S.C. § 1365(b). The letter dated February 25, 1992 sent by Mr. Kloos does not provide the necessary information as required under the regulations. The notice fails to name two of the organizations that eventually became the only plaintiffs, namely Audubon and Washington Trout.

Plaintiffs argue that *Hallstrom* is distinguishable because in *Hallstrom* the petitioners provided no "presuit notice." Therefore, they contend, the Supreme Court held that

there could be no suit without any presuit notice. The plaintiffs' understanding of the *Hallstrom* decision is misplaced. In *Hallstrom*, the petitioners did send a notice to the respondent that they argued qualified as notice under the statute. *See Hallstrom*, 493 U.S. at 23, 110 S.Ct. at 307–08. The issue in *Hallstrom* was whether the notice was sufficient under the regulation's mandate—whether the notice requirement should be strictly construed or liberally applied by the district courts. The Court held the notice requirement under the regulations was to be strictly construed. Therefore, the *Hallstrom* decision does not stand for the fact that without *any* notice, there could be no suit. Rather, the Court held that the notice requirements set forth in the regulation must be satisfied before the case may be heard in federal district court.

■ Plaintiffs also argue that technical deficiencies in the notice do not defeat jurisdiction because the purposes of giving presuit notice are served. As noted by other courts, the purpose of giving a sixty-day notice is to allow the parties time to resolve their conflicts in a nonadversarial time period. Once the suit is filed, positions harden and compromise is less likely. Second, the notice alerts the appropriate state or federal agency, so administrative action may initially provide the relief the parties seek before a court must become involved. Here, the notice Mr. Kloos served, fails to satisfy either purpose. The notice provided to McCain and the copy sent to the EPA Administrator did not provide the names of the two additional plaintiffs. Therefore, because neither the EPA nor McCain knew other plaintiffs were involved, they were not in a position to negotiate with the plaintiffs or seek an administrative remedy. This made any sort of resolution between the parties during the notice period an impossibility.

We are guided by the Court's decision in *Hallstrom* and find its holding applicable to the notice requirements under the Clean Water Act. The notice provided to McCain was insufficient as required by the regulations

---

stead County & Nevada County Project v. United States Environmental Protection Agency, 700 F.2d 459 (8th Cir.1983); Natural Resources Defense

Council v. Callaway, 524 F.2d 79 (2d Cir.1975); Natural Resources Defense Council v. Train, 510 F.2d 692 (D.C.Cir.1974).

promulgated under the CWA. Therefore, the district court was correct in dismissing the action for lack of subject matter jurisdiction.

AFFIRMED.