**NATURAL RESOURCES DEFENSE COUNCIL, INC.; San Diego Baykeeper, Inc.; and Kenneth J. Moser, Plaintiffs,**

**v.**

**SOUTHWEST MARINE, INC., Defendant.**

**Civ. No. 96–1492 B.**

United States District Court,
S.D. California.

Nov. 5, 1996.

Everett L. Delano, Charles Steven Crandall, Michael Ray Harris, San Diego, CA, Joel R. Reynolds, Los Angeles, CA, for plaintiffs.

Steven P. McDonald, Edward Patrick Swan, Jr., Lloyd Schwartz, San Diego, CA, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BREWSTER, District Judge.

This matter came on regularly for hearing upon defendant's motion to dismiss for lack of subject matter jurisdiction. After due consideration of the moving and opposing papers, the Court hereby DENIES defendant's motion to dismiss.

### I. Background

Plaintiffs Natural Resources Defense Council, Inc. ("NRDC"), San Diego Baykeeper, Inc. ("SDB"), and Kenneth Moser ("Moser") filed suit against Southwest Marine, Inc. ("Southwest") for allegedly violating numerous provisions of the Clean Water Act; 33 U.S.C. § 1365. Plaintiffs allege (1) that Southwest's unlawful and excessive discharges of water pollution from its bayside facility contribute noxious pollutants to, and harm, the San Diego Bay and the Pacific Ocean, and (2) that Southwest has failed to prepare and implement several environmental compliance and monitoring plans required by the Clean Water Act.

Plaintiffs allege that on April 30, 1996, they gave defendants and various federal and state officials notice of the alleged violations and of their intent to file suit as required by 33 U.S.C. § 1365(b)(1)(A). They further allege that more than sixty days have passed since notice was provided, but neither the EPA, nor any state or regional environmental regulatory agency has commenced and diligently prosecuted a court or administrative action to redress the violations alleged in the notice letter. Complaint §§ 4–5. Southwest contends that plaintiffs' notice letter did not provide them with any information regarding the date, location, or any activity that they allege constitutes a violation of the Clean Water Act.

The notice letter states:

The information currently available to us indicates that Southwest Marine and the Port District have violated and continue to violate requirements concerning discharges from the Southwest Marine facility at the foot of Sampson Street in the City of San Diego. These requirements, including requirements related to discharges associated with or ancillary to industrial manufacturing and treatment, are embodied in the Act, its implementing regulations, and National Pollutant Discharge Elimination System ("NPDES") Permit No. CA0107697.... The requirements with which we believe Southwest Marine and the Port District have failed to comply are set forth in Attachment 1 to this letter.

Additionally, the information currently available to us indicates that Southwest Marine and the Port District have violated and continue to violate NPDES General Permit No. CAS000001 governing stormwater discharges associated with industrial activities in California ... The General Industrial Permit requirements with which we believe Southwest Marine and the Port District have failed to comply are set forth in Attachment 2 to this letter.

The attachments then set forth the specific provisions of the NPDES permits and the Code of Federal Regulations ("CFR") which Southwest has allegedly violated. Attachment one alleges that Southwest: (1) failed to develop and implement a Best Management Practices plan by (a) failing to establish specific objectives for control of toxic and

hazardous pollutants by predicting direction, rate of flow and total quantity of pollutants, and (b) failing to meet material inventory, material compatibility, reporting and notification, visual inspection, preventive maintenance and security requirements; (2) released concentrations of toxic substances in waters that produce detrimental physiological responses in human, plant, animal or aquatic life; and (3) failed to submit a complete permit application. Attachment two alleges that Southwest: (1) released stormwater that adversely impacted human health or the environment, or that caused or contributed to a violation of any applicable water quality standards; (2) failed to develop and implement a Stormwater Pollution Prevention Plan; and (3) failed to develop and implement a monitoring and reporting plan. Plaintiffs provide specific deficiencies in defendant's Stormwater Pollution Prevention and monitoring and reporting plans.

## II. Discussion

### A. Governing Law

Title 33 U.S.C. § 1365(b) provides:

No action may be commenced—

(1) under subsection (a)(1) of this section—

(A) prior to sixty days after plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order.

Under federal regulations, the notice must include sufficient information to allow the recipient to

identify the specific standard, limitation or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving the notice.

40 C.F.R. § 135.3(a); *see Washington Trout v. McCain Foods, Inc.,* 45 F.3d 1351, 1353 (9th Cir.1995) (applying regulation).

Providing an adequate 60–day notice is a jurisdictional prerequisite to maintaining suit. *Hallstrom v. Tillamook County,* 493 U.S. 20, 26, 110 S.Ct. 304, 309, 107 L.Ed.2d 237 (1989) (analyzing an identical provision in the Resource Conservation and Recovery Act and holding that "[u]nder a literal reading of the statute, compliance with the 60–day notice provision is a mandatory, not optional condition precedent for suit."); *Washington Trout,* 45 F.3d at 1353–54 (applying *Hallstrom* to the Clean Water Act ("CWA") 60–day notice provision). The Ninth Circuit has required strict adherence to the statutory notice requirements. In *Washington Trout,* the notice failed to identify two of the plaintiffs. The Court held that this was improper notice and dismissed the entire suit for lack of subject matter jurisdiction. 45 F.3d at 1354–55.

The purpose of the 60–day notice requirement is (1) to allow the alleged violator time to come into compliance with the CWA, (2) to give the alleged violator an opportunity to negotiate a resolution to the dispute, and (3) to give state and federal environmental regulatory agencies an opportunity to enforce their laws and regulations. *Hallstrom,* 493 U.S. at 29, 110 S.Ct. at 310; *Washington Trout,* 45 F.3d at 1354.

### B. Plaintiffs' Notice Letter

Southwest argues that plaintiffs' notice letter fails to meet the requirements of 40 C.F.R. § 135.3(a) in that it does not identify (1) the specific standards at issue, (2) the activities which gave rise to the alleged violations, (3) the persons responsible for the alleged violations, (4) the location of the alleged violations, (5) the dates of the alleged violations, and (6) the full name of the person giving notice.

Plaintiffs respond that these standards were designed to apply to citizen suits challenging discharges which violate the CWA. In this suit, while plaintiffs do allege illegal discharges, plaintiffs are primarily challenging defendant's failure to develop and implement a Best Management Practices Program ("BMP"), a Storm Water Pollution Prevention Plan ("SWPPP"), and a monitoring and reporting plan as required by the CWA.

Challenging the failure to develop and implement these programs is far different than challenging specific instances of illegal discharge. In *City of New York v. Anglebrook Ltd. Partnership,* the court reviewed the adequacy of the 60–day notice given prior to a challenge to the sufficiency of a SWPPP. 891 F.Supp. 900, 906–08 (S.D.N.Y.1995). Plaintiffs had alleged that the SWPPP violated five categories of conditions, such as failure to describe stormwater controls, failure to describe sedimentation and erosion controls, etc. The Court held that the notice provided complied with 40 C.F.R. § 135.3(a).

First, the Notice Letter gave notice of the alleged violation because it identified five specific categories of standards required under the permit and allegedly violated. Second, the letter's assertion that the SWPPP violated the General Permit is an adequate statement of the activity that constitutes the violation. Third, the letter identifies the Defendants as the "persons responsible for the alleged violation." Fourth, the letter adequately describes the location of the alleged violation because the violations are within the SWPPP itself. *Anglebrook,* 891 F.Supp. at 907–08.

The plaintiffs in this case meet the requirements of 40 C.F.R. § 135.3(a) for the same reasons. First, the plaintiffs' notice letter specifically identifies three standards that the SWPPP violates, six standards that the monitoring and reporting plan violates, and two standards that the BMP plan violates. *See* Complaint, Exh. 1, Attachments 1 & 2. For each alleged violation, the letter states the prohibited actions and the regulations and NPDES permit provisions which it violates.

Second, the letter's assertion that the SWPPP, the BMP plan, and the monitoring and reporting plan violate these standards is an adequate statement of the activity that constitutes the violation. The defendant's failure to prepare and implement legally sufficient environmental compliance plans is the activity that constitutes the violation. When describing the failure to perform an act, it is impossible to describe the time, date, activities and persons responsible with the same specificity used when describing an affirmative act. Plaintiffs can only allege who was supposed to act, what they were supposed to do, and that they have failed to do it. Plaintiffs have done this:

Third, the letter adequately alleges that Southwest is the person responsible for the failure to prepare and implement a SWPPP, a BMP plan and a monitoring and reporting plan. The notice letter was sent to Southwest and the Port of San Diego, alleging that violations of the CWA were the responsibility of both parties.

Fourth, the letter adequately describes the location of the alleged violations because the violations are within the SWPPP, the BMP and the monitoring and reporting plans themselves. Further, the notice letter states that the violations occurred at Southwest's corporate headquarters at the foot of Sampson Street in San Diego, California. The alleged violations involve the failure to prepare and implement plans for the entire Southwest facility at this location. Again, this is not like a discharge from one pipe at an industrial location. This suit is about the failure to prepare environmental compliance and monitoring plans for an entire facility. In this case, it is legitimate to allege that the violations are occurring at the facility in general, because the facility has not implemented the proper CWA plans.

Fifth, the deficiencies in these plans are ongoing, so there is no specific date that can be alleged as the date of the violation. As long as Southwest operates without a legally adequate BMP, SWPPP, or monitoring and reporting plan, the violations will continue each and every day. Contrast this with the normal citizen suit where plaintiffs are suing over specific, discrete discharges which occur over a finite period. *See California Sportfishing v. City of West Sacramento,* 905 F.Supp. 792 (E.D.Cal.1995).

Sixth, the notice letter provides sufficient information to identify the parties and their counsel. The letter (1) states that it is being sent on behalf of NRDC and San Diego Baykeeper, (2) provides the full name and addresses of both NRDC and San Diego Baykeeper, and (3) is signed by Everett De-Lano, III, Senior Project Attorney for San

Diego Baykeeper and NRDC, and Ken Moser, Executive Director of San Diego Baykeeper. Southwest argues that the letter fails to clearly identify that Moser would be a plaintiff in this action along with NRDC and SDB. *Washington Trout* held that plaintiff's notice letter was deficient because it did not contain the names of two plaintiffs in the subsequent court action. 45 F.3d at 1354. In that suit, however, the two omitted plaintiffs became the only two plaintiffs in the court action. The Ninth Circuit reasoned that, absent the names of these two parties, the notice letter did not provide defendants or regulators adequate information regarding with whom they needed to negotiate. *Id.* In this case, however, not only did Moser sign the letter, but he remains Executive Director of San Diego Baykeeper, one of the other plaintiffs in the suit. There can be no doubt. about with whom Southwest needed to conduct negotiations.

Southwest's argument that the failure to put "Inc." after NRDC and San Diego Baykeeper constitutes improper notice is patently frivolous.

### III. Conclusion

Defendant continually stresses the need to satisfy all of the technical requirements of 40 C.F.R. § 135.3(a). As the court in *California Sportfishing* stated:

> The language of the regulation does not suggest that the notice may be good enough if it generally orients the agency or violator as to the type of violation ... [T]he recipient must be able to determine the "specific standard *alleged* to have been violated," the location of the "*alleged* violation," and the *date* or *dates* "of such violation."

905 F.Supp. at 799.

Defendant's argument is not meritorious. First, this case involves the preparation and implementation of several environmental compliance and monitoring plans, not the discrete discharge of some pollutant; and second, this case involves a failure to act, rather than an affirmative act. The combination of these two factors requires a different application of the regulation. It is impossible to allege with specificity the actions taken, their location and date, when dealing with inaction. As explained earlier, only what action should have been taken, who should have taken it, and that they have not taken the action, can be alleged. Plaintiffs do just this. Moreover, when dealing with plans that govern compliance and monitoring at an entire facility, the proper location is the entire facility, and the responsible parties are the facility and its managers.

Defendant points to the regulations without really analyzing what the case is about and whether the notice letter it received really apprised it of the issues and claims that would be raised in the lawsuit. From reading the notice letter, it is clear that plaintiffs told defendant that they were going to sue defendant because it had not developed or implemented a SWPPP, a BMP plan, or a monitoring and reporting plan. Defendant cannot now complain that it was surprised by this, or that it did not know with whom it was supposed to negotiate.

In sum, plaintiffs' notice letter contains allegations that meet the requirements of 40 C.F.R. § 135.3(a). For this reason, defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.