**Alan Andrew CURTIS, husband; et al., Plaintiffs–Appellants,**

v.

**CITY OF BULLHEAD, an Arizona municipality; et al., Defendants–Appellees.**

No. 02–17280.

D.C. No. CV–02–00251–EHC.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Appellant's request for oral hearing. *See* Fed. R.App. P. 34(a)(2).

Submitted June 9, 2003.*

Decided June 19, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Alan and Linda Curtis appeal pro se the district court's judgment dismissing their action alleging that defendants failed to prevent pollutants from contaminating the water supply in violation of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j–8, and conspired to conceal the pollutants in violation of 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissal for lack of subject matter jurisdiction due to insufficient notice under the CWA, *Washington Trout v. McCain Foods, Inc.,* 45 F.3d 1351, 1353 (9th Cir. 1995), as well as dismissal for failure to state a claim, *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction over the Curtises' CWA and SDWA claims because the Curtises failed to provide the defendants with adequate notice of the alleged statutory violations. *See* 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); *id.* § 135.12 (notice requirement identical un-

der SDWA); *see also Washington Trout,* 45 F.3d at 1354–55.

The district court properly dismissed without prejudice the Curtises' conspiracy claim because the complaint was devoid of specific factual allegations regarding defendants' alleged conspiracy to conceal pollutants and harmful bacteria. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Curtises' state law claims because it had dismissed all the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir. 2001).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the Curtises' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

