NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 17-55899 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00796-RGK-JC |
| v. | |
| THREE ARCH BAY COMMUNITY SERVICES DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's judgment

dismissing his action alleging violations of the Clean Water Act ("CWA"), 33

U.S.C. § 1365.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Kinney's request for oral argument, set forth in the opening brief, is denied.

a dismissal for lack of subject matter jurisdiction due to insufficient notice under the CWA. *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995). We affirm.

The district court properly determined that it lacked subject matter jurisdiction over Kinney's action because Kinney failed to provide defendants with adequate notice of the alleged CWA violations. *See* 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation); *Washington Trout*, 45 F.3d at 1354-55 (affirming dismissal of CWA action for lack of subject matter jurisdiction where notice was "insufficient as required by the regulations promulgated under the CWA"); *see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (stating that the Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction").

The district court did not abuse its discretion by dismissing Kinney's claims against defendant Three Arch Bay Community Services District ("TAB") because Kinney failed to effectuate timely service of the summons and complaint on TAB or to show good cause for this failure. *See* Fed. R. Civ. P. 4(m) (requiring service within 90 days after the complaint is filed); *In re Sheehan*, 253 F.3d 507, 511-13 (9th Cir. 2001) (setting forth standard of review and discussing district court's broad discretion to dismiss the action without prejudice). For this same reason, the

17-55899

district court did not abuse its discretion by denying Kinney's motion for entry of default against TAB. *See* Fed. R. Civ. P. 55(a) (entry of default); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (setting forth standard of review).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject Kinney's contention that the district court erred by assigning this case to Judge Klausner in the Western Division of the U.S. District Court for the Central District of California.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Chaldus' motion to take judicial notice (Docket Entry No. 14) is granted.

**AFFIRMED.**